UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL JAMES TAYLOR,

Plaintiff,

v.

JASON BESAW, et al.,

Defendants.

No. 2:26-cv-03019-TLN-CKD (PS)

FINDINGS AND RECOMMENDATIONS

Plaintiff Michael James Taylor proceeds without counsel and seeks to proceed in forma pauperis. This matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). Plaintiff initiated this action with a civil complaint and an application to proceed in forma pauperis ("IFP"). (ECF Nos. 1, 2.)

The court may authorize commencement of this action "without prepayment of fees" by an individual who submits an affidavit evidencing an inability to pay such fees. 28 U.S.C. § 1915(a). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing Adkins v. E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948)); see also United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty" (internal quotation omitted)).

Plaintiff's affidavit does not demonstrate plaintiff was unable to pay the court costs and still afford the necessities of life when plaintiff filed this suit. According to the affidavit, plaintiff receives $4,500 in rental income per month which is expected to continue. (ECF No. 2 at 1.) Plaintiff also has $400,000.00 in estimated real property equity and approximately $1,000.00 in a checking or savings account. (Id. at 2.) Plaintiff's rental income well exceeds the 2026 federal poverty guideline level. See https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines.[1]

While § 1915(a) does not require a litigant to demonstrate "absolute destitution," Adkins, 335 U.S. at 339, the applicant must nonetheless show inability to pay the fees. 28 U.S.C. § 1915(a). Plaintiff has not done so. Accordingly, the undersigned will recommend that plaintiff's motion to proceed in forma pauperis be denied.

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied;
2. Plaintiff be ordered to pay the court costs in order to proceed with this case.
3. Plaintiff be granted 14 days from the date of any order adopting these findings and recommendations to pay the $350.00 filing fee and $55.00 administrative fee.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate

////

////

////

////

[1] The United States Department of Health and Human Services ("HHS") issues the federal poverty guidelines and courts use them as a guidepost in evaluating IFP applications. See, e.g., Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 n.5 (11th Cir. 2004).

Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: September 22, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 tayl26cv3019.ifp.fr